TERRELL, Justice.
July 3, 1953, appellee was employed as law clerk in the office of Farish & Farish, hereinafter referred to as Farish. On the same date he was (1) appointed guardian of the property of Stanley Krecl, an incompetent, (2) qualified as such guardian and (3) letters of administration were issued to him. February 19, 1954, he resigned as said guardian, and the Probate Court entered an order discharging him, but on condition that he continue liable as guardian until relieved by further order of the court.
May 19, 1954, having examined and approved appellee’s first and final return, the Probate Court entered an order discharging him as guardian of the property of Stanley Krecl, incompetent. Letters of discharge were entered finding that appel-lee had faithfully discharged his duties as guardian, made disposition of the ward’s assets as required by law and rendered a true account of his guardianship. May 25, 1954, appellee petitioned the Probate Court for advance of guardian’s fees. Appellant moved to dismiss said petition and filed answer thereto May 28, 1954. The motion to dismiss was denied.
*729 June 2, 1954, at the hearing on petition of appellee for guardian’s fees, appellant, joined by Farish, filed a second petition for guardian’s fees which alleg'ed that Farish was in reality the guardian of the property of Stanley Krecl; that notwithstanding appellee was appointed as guardian by order of July 3, 1953, he was only the “nominal guardian.” Appellant’s petition prayed the Probate Court to allow them guardians’ fees from the estate of Stanley Krecl, incompetent. Said petition also prayed that petition of appellee for guardian’s fees be denied and that any such fee foe applied to the guardian’s fees to foe paid appellant. On the date of hearing, June 2, 1954, appellant urged that his petition be given prior consideration because- no fees were due and owing to appellee hut were due and owing to appellant. The Probate Court ruled that the petition of appellant injected ,a new issue in the case and that foe should first decide the question of “who is entitled to the guardian’s fee.”
The Probate Court then took testimony in support of the petition of appellant and on June 23, 1954, entered an order finding that appellee was lawfully appointed-guardian; that at the time of such appointment appellee was a law clerk in the firm of Farish and was being paid the monthly compensation that was agreed to be paid him to perform any and all duties assigned to him and that he was not entitled to any compensation for services as guardian of the estate of his ward. July 16, 1954, the latter order was appealed to the Circuit ■Court who on December 23, 1954, denied the motion of appellant to dismiss the appeal.
January 14, 1955, the appeal was heard by the Circuit Court who found that there was neither allegation nor proof of an agreement between Farish and appellee as to guardian’s fees;' that if such an agreement had been alleged and proven, it would have been immaterial as to guardian’s fees since appellee was appointed guardian by the Probate Court, .was an officer of the court, acted for the court, occupied a highly fiduciary relationship and was not, in this respect, employed by petitioners- Farish and Jewett to act as guardian, nor did such guardian act for said petitioners, but for the Probate Court. The court further found that one appointed to serve as guardian and who faithfully performed his duties as such was entitled to have an award paid to him directly as compensation from his ward’s estate. What course the compensation took when paid to the guardian was no concern of the court and that no law authorized a law firm to employ a guardian and require him to pay his fees into the firm account.
Based on these findings, the Circuit Court reversed the order of the Probate Court of June 23, 1954, and directed that appellee’s petition for allowance of guardian’s fees be granted and that just and reasonable compensation for his services as guardian be paid him. We are confronted with an appeal from the latter order.
The parties are wide apart as to the questions presented but in our view the real points for determination have to do with (1) the correct interpretation of the statute governing appeals from the Probate Court to the Circuit Court in probate, matters-; (2) has the Probate Court power to farm out the administration of estates and permit that duty to be done by a third party or some one designated by a third party.
Appellant contends that the Circuit Court was without jurisdiction to consider the appeal in this cause because the record on appeal from the Probate Court was not filed in the Circuit Court for five months. and six days after the filing of the assignments of error, no cross assignments having been filed by appellee. Ap-pellee counters with the contention that appeals from orders of the' Probate Court in guardianship matters are governed by Section 746.16, Florida Statutes, 1953, F.S.A., the pertinent part of which requires' that provisions of the probate law governing appeals as set forth in Chapter 732, Florida Statutes, F.S.A., shall govern appeals in guardianship matters.
Section 732.15(1), Florida Statutes, 1953, F.S.A., provides in substance that all orders, judgments or decrees of the county *730 judge determining the rights of parties in the administration of estates, may, as matter of right, he appealed to the Circuit Court and from the Circuit Court to the Supreme Court. Section 732.16(2), same statute, provides that appeals from the Probate Court to the Circuit Court as contemplated by the preceding statute shall be taken within 30 days from the date on which the order or judgment appealed was filed in the office of the Probate Court. Section 732.16(3), same statute, details the manner of taking such an appeal. Section 732.16(4) (a), same statute, requires that assignments of error in such appeals be filed within 10 days after filing the notice of appeal. Section 732.16(6) (a), same statute, provides that after these requirements have been accomplished, the County Judge shall deliver, or cause to be delivered, to the Clerk of the Circuit Court the original records in the cause, thus constituting the record on appeal. Section 732.16(7), same statute, provides for hearing such appeals and Section 732.17(1) (a) and (b), same statute, provides the manner and grounds for which such appeals may be dismissed.
The statutes detailed in the preceding paragraph are clear and unambiguous. They were designed to govern appeals like this and it appears that they have been complied with. It is true that appellant moved to dismiss the appeal for various reasons but in view of the grounds for dismissal contained in the last cited statute, we find no error in the order overruling the motion to dismiss. It is true that five months is a long time to let an appeal lie dormant, but any party to such an appeal may move against it at any time. Appellant did not do this and he does not allege that he was prejudiced by the delay. The statute contemplates that the Probate Court will transmit the record to the Circuit Court as promptly as possible. If he does not do this, either party may call on him to do so. Since neither party moved for prompt transmission of the record and no one is shown to have been prejudiced, there is no ground for complaint.
We see no escape whatever from the Circuit Court’s answer to the second phase of the question. Appellant contends that he and the law firm with which he is connected are the real guardians of Stanley Krecl and should be paid the guardian’s fees allowed by law; that appellee was a “mere nominee or dummy” guardian entitled to nothing for his services account of compensation paid him by the firm. This despite the fact the record shows that ap-pellee wa9 duly appointed guardian, took the required oath, filed his bond and letters of administration were issued to him. He later resigned and was discharged as guardian on condition that he is liable on his accounts until further order of the court. He was finally discharged as guardian May 19, 1954,.and letters of discharge were issued to him. In both instances it appears that he faithfully performed his duties as guardian and rendered a complete and accurate account of his doings as such.
How can it now be said that he was a “mere nominee or dummy” ? There is no charge or suggestion of mismanagement or wrongdoing on the part of anyone connected with this guardianship, but if one’s estate can be handled in the manner proposed, then the Probate Court can farm out the administration of every estate that comes under his jurisdiction. The law does not contemplate any such thing. It places many safeguards around the administration of estates and contemplates that only those of approved integrity shall be designated to handle them. Appellee was so designated in this case and is entitled to such compensation as the law and the court allow him from the ward’s estate. The law in fact knows no person as guardian but the one lawfully appointed for that purpose.
It is accordingly our view that the court below correctly refused to dismiss the appeal to the Circuit Court. Moreover, when one is lawfully appointed an officer of the court, in a fiduciary capacity and assumes the responsibilities imposed on him by law,-there being-no waiver of compensa *731 tion or a breach of fiduciary duty, he is entitled to be paid in person for his services. Any other procedure for administering estates would be in violation of the letter and spirit of the law.
The judgment appealed from is, therefore,
Affirmed.
DREW, C. J., and THORNAL and HOBSON, JJ., concur.