DAYTON, ORVIL L., Jr., Associate Judge.
Appellee, Henry W. Jewett, was guardian of the estate of one Stanley Krecl, an incompetent, and on July 7, 1958, the County Judge entered an order authorizing ap-pellee to pay to appellants, Farish & Farish, the sum of $5,090 as attorneys’ fees and to pay himself $4,900 for his services as guardian. At that time appellee was a partner in the law firm of appellants.
In April, 1959, the guardian filed a petition for discharge of attorneys, his association with appellants’ firm having been dissolved on January 15, 1959. Appellants answered the petition for discharge, asserting that they had never received the $5,090 ordered by the Court as attorneys’ fees and further stating that they would *643 withdraw as attorneys upon payment of the fees. They filed a petition for payment of attorneys’ fees and other relief, praying that the court order the guardian to pay the past-due fees.
The guardian answered the petition admitting the award of such fees by the court, but asserting that four checks had been drawn on the guardianship account payable to the guardian, Henry W. Jewett, totaling $4,900, and that these checks had been endorsed over to the account of Farish & Farish. The guardian claimed credit for payment of $4,900 and alleged that there was a balance due appellants of only $190.
After hearing, the County Judge entered an order crediting the guardian with the payment of $4,900 against the claim for attorneys’ fees. The court directed the guardian to pay the additional $190. It is from this order that this appeal is taken.
The four checks which the court allowed as a set off for claim against attorneys’ fees were drawn between October 1, 1958 and January 15, 1959. These checks were all made out to Henry W. Jewett in part payment of guardianship fees. They were all endorsed by him and delivered to the bookkeeper of the Farish & Farish firm. Jewett’s association with this firm terminated on January 15, 1959, the date of the last check. No other payments were made pursuant to the order of July 7, 1958, providing for compensation.
The appellants asserted an agreement with Jewett whereby all fees earned by the partners were deposited in the partnership account. It appears that the court below sustained objection to such testimony on grounds that it was immaterial, relying upon a similar situation which arose in the same guardianship and came before the Supreme Court of Fla., In re Krecl’s Guardianship, Fla. 1956, 85 So.2d 727, 730. In that case the same firm had a law clerk working for them on a salary and who was appointed guardian of this same estate. A law firm attempted to obtain the fees ordered to be paid to the guardian on the ground that he was an employee of the appellants’ firm. The Supreme Court pointed out, however, that a guardian may not be a mere nominee or dummy, but rather is a fiduciary officer of the court, and that as such guardian, he is entitled to be paid personally for his services. It was on the basis of this prior decision, by the Supreme Court that the court below ruled in the order appealed from that the guardian, Jewett, was entitled to his fees personally and could set such fees off against the claim for attorneys’ fees, since the checks had been endorsed and deposited in the firm account. In that case the court said, as follows:
“Moreover, when one is lawfully appointed an officer of the court, in a fiduciary capacity and assumes the responsibilities imposed on him by law, there being no waiver of compensation or a breach of fiduciary duty, he is entitled to be paid in person for his services. Any other procedure for administering estates would be in violation of the letter and spirit of the law.”
In the cited case, the Chancellor found that one appointed to serve as guardian and to faithfully perform his duties as such was entitled to have an award paid to him directly as compensation from his ward’s estate. What course the compensation took when paid to the guardian was no concern of the court and that no law authorized a law firm to employ a guardian and require him to pay his fees into the firm account. This finding was affirmed by the Supreme Court of Florida. In the present case, the order of the County Judge dated July 7, 1958, provided for the payment of $5,090 as attorneys’ fees, and the sum of $4,900 to Jewett as guardian. It is noted that the order of the Court directed the Guardian to pay from funds of the estate the sum of $5,090 to appellants. The fact that the guardian elected to transfer certain funds paid to him for his .services as guardian to the appellants’ firm, in our opinion, does not alter the effect of the order of July 7, *644 1958, which was, that the estate pay the firm of Farish & Farish $5,090 and that the estate, likewise, pay Henry W. Jewett $4,900. The finding of the chancellor in the previous case, that what happens to the guardian’s fees once paid to him is of no concern to the court, should, likewise, apply in this case.
Mr. Jewett’s election to assign the funds payable to him as guardian to his partnership does not alter the obligation of the estate to pay to Farish & Farish the sum of $5,090 in compliance with the Court’s original order.
It is, therefore, our view that the order of the County Judge should be reversed and that the firm of Farish & Farish should be paid the sum of $5,090 in compliance with the previous order.
ALLEN, C. J., and KANNER, J., concur.